No. 6:21-cv-00083

**Andy L. Smith,**
*Plaintiff,*

v.

**United States of America,**
*Defendant.*

## ORDER

On January 20, 2021, plaintiff Andy L. Smith filed this case in state court against his supervisor at the United States Postal Office, Sanford Stephens, for defamation, slander, and libel. Doc. 1-4. His case was subsequently removed to this court (Doc. 1), where it was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. Doc. 3. The United States Attorney then filed a motion to substitute the United States as the sole defendant in place of Stephens (Doc. 4), which the court granted pursuant to 28 U.S.C. § 2679. Doc. 5. After plaintiff filed an amended complaint naming the United States as the proper defendant (Doc. 6), defendant filed a motion to dismiss. Doc. 7.

On March 25, 2021, the magistrate judge issued a report and recommendation finding that: (1) the court did not have subject-matter jurisdiction over plaintiff's claims pursuant to the Federal Tort Claims Act; (2) the court did not have subject-matter jurisdiction because the United States has not waived sovereign immunity for tort claims arising from defamation; (3) the court did not have personal jurisdiction over the defendant because plaintiff did not properly serve the United States; and (4) the cause was time barred by Texas's statute of limitations for defamation claims. Doc. 10. The magistrate judge also found that dismissal with prejudice was proper because plaintiff had continued to file similar cases designed to

harass Stephens, and the instant case exhibited a non-curable lack of jurisdiction. *Id*. Accordingly, the magistrate judge recommended that the court grant defendant's motion and dismiss the case with prejudice. *Id*. Plaintiff timely filed objections. Doc. 11.

When a party timely objects to a magistrate judge's report and recommendation, the court reviews the report de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

Though difficult to discern, plaintiff appears to raise three objections. First, he asserts that he has filed several Title II complaints with the United States Department of Justice. Doc. 11 at 1. The court interprets this as a challenge to Judge Love's finding that plaintiff did not properly serve the United States pursuant to Federal Rule of Civil Procedure 4(i). Plaintiff seems to aver that, because he notified various federal agencies of other cases he has filed, he has properly served the United States here. This objection is without merit. Evidence submitted by the defendant reflects that neither the United States Attorney nor the United States Attorney General have been served with the summons and complaint for this case, and plaintiff has not shown otherwise. *See* Doc. 7-2. Accordingly, this objection is **overruled**.

Plaintiff's second and third objections largely rehash the allegations in his amended complaint. *See* Doc. 6. He again alleges that following a workplace dispute, Stephens defamed his character during a polygraph examination performed by an unlicensed examiner. Doc. 11 at 2. These objections merely restate the allegations in his amended complaint and are likewise **overruled.**

For the reasons set forth above, the court **accepts** the magistrate judge's report and recommendation. Defendant's

motion to dismiss (Doc. 7) is **granted**, and this case is **dismissed with prejudice**.

*So ordered by the court on May 6, 2021.*

J. CAMPBELL BARKER
United States District Judge